## SAMUELS ET AL. *v.* KING.

PRACTICE.—*Supreme Court.*—Where there is a direct conflict in the testimony, the Supreme Court will not invade the province of the court below by reversing its judgment on the evidence.

DILIGENCE.—*Counterfeit Bill.*—A counterfeit bill was paid to the plaintiff by the defendant in December, 1870, and retained in possession of the latter until the 24th day of January, 1871, when he paid it to a third party, from whom it was returned in a few days as counterfeit, and it was then tendered to the defendant.

*Held,* that the plaintiff did not use sufficient diligence to ascertain whether the note was genuine, to enable him to recover of the defendant.

From the Bartholomew Circuit Court.

*R. Hill* and *G. W. Richardson,* for appellants.

*W. W. Herod* and *F. Winter,* for appellee.

BUSKIRK, J.—This was an action by the appellee against the appellants, to recover the value of certain work done by him as a tailor for the appellants, who were in the clothing business. Although the action is in form for the recovery for certain work, the real and only questions in the case are, whether the appellants, in the payment of a bill due appellee of eighteen dollars, paid him a twenty-dollar counterfeit bill, and whether the appellee used due diligence in reference thereto.

The action originated before a justice of the peace, where the appellee had judgment, from which appellants appealed to the circuit court, where judgment was again rendered for appellee.

The only error assigned is based upon the action of the court in overruling the motion for a new trial.

It is agreed that in December, 1870, appellants owed appellee eighteen dollars for work; that during that month a settlement took place, when appellants paid appellee a twenty-dollar bill, and received two dollars in change. The real controversy was whether the bill produced on the trial, which was conceded to be a base counterfeit, was the one paid as aforesaid.

The appellee testified, in substance, that on the 26th day of December, 1870, he deposited in the First National Bank of Columbus all the money he then had; that the twenty-dollar bill in question was paid to him on the 31st of December, 1870; that he retained it in his possession until the 24th day of January, 1871, when he paid it to the agent of a firm at Indianapolis, who returned it to him in a few days as counterfeit, when it was tendered to appellants, who refused to receive it or pay other money, upon the ground that they had not paid the same to appellee.

All the testimony showed that but one twenty-dollar bill was ever paid to appellee by appellants. Harris, the bookkeeper and cashier of appellants, testified that he paid the bill due appellee of eighteen dollars; that he made the settlement and paid the money on the 10th day of December, 1870; that he paid him a twenty-dollar bill, but that the one tendered to appellants and produced upon the trial was not the one he paid him. He also produced the books of appellants to show that the transaction took place on the 10th of December, 1870, instead of the 31st of said month.

Upon this evidence, we are asked to reverse the judgment upon the weight of evidence as to the identity of the bill in question. This we cannot do. There is a direct conflict in the testimony of appellee and Harris, and we have no right to thus invade the province of the court below.

But the judgment must be reversed, upon the ground that it does not appear from the evidence in the record that the appellee used the proper diligence to ascertain whether the twenty-dollar note he received from appellants was genuine. If such diligence had been used, no serious question as to the identity of the note could have arisen. Upon the authority of the case of *Wingate* v. *Neidlinger, ante,* p. 520, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded for a new trial, in accordance with this opinion.